Robert Johnson brought this student under Section 1983 after he was subjected to a degrading sexual and physical assault by prison officials. In the dead of night, prison officials awoke Johnson in a cell, took him to another part of the prison, and then searched him. The search started off as a visual strip search, but at some point, officers grew frustrated with Johnson, and under Johnson's evidence, officials inserted a flashlight that they had been using before, nearly as a light, into Johnson, and far enough into him to touch his rectum, while at the same time, one deputy taunted him, that you must like this, someone's sticking something in you. What Mr. Johnson alleged, that he was sodomized with a flashlight, while taunted that he must enjoy it, violated the federal constitution, as well as California state law. And under this version of the facts, there was no serious dispute that the officials were not entitled to qualified immunity for this conduct under cases from this court, such as Wood and Fontana. Yet a jury never got to hear this evidence, because the court below resolved this case for itself. The district court brushed aside Johnson's repeated statements in his verified complaint as ambiguous. It did the same for two corroborating witness declarations, and it also construed his deposition as somehow ambiguous. Then, even though the posture of this case was on summary judgment, it failed to resolve those ambiguities in Johnson's favor. In short, it got summary judgment backwards. I'd be happy to address any questions on these buckets of evidence or about the law, but it seemed most helpful for me to start with why Johnson's verified complaint isn't ambiguous in the way the district court seemed to think, because that's where, in our view, the district court got things wrong. So the gist of the decision below is that Johnson's evidence could be read in two ways. On one hand, that he was sodomized with a flashlight, and on the other, that officials merely touched Johnson's buttocks with a flashlight at some point during the search. Is it your position that it would actually be a constitutional violation either way? So while we briefed it emphasizing the element, I think that the district court's president actually would support that. For example, his decision in the case of Fulks talks about how when there is a kind of cavity search that's done by non-medical personnel, that's always a constitutional violation. So I think I get it. To answer your question, it would be a constitutional violation. But in particular, under the way that Mr. Johnson's presented the evidence in his verified complaint, it would certainly be a constitutional violation. And so the gist of—the district court read Johnson's evidence to say that the flashlight only touched the interior portion of Johnson's buttocks, and that Johnson was not, in fact, sodomized with a flashlight. But with much respect to the district court below, that reading can't be squared with the words that Johnson used in his verified complaint or any of his other evidence. And in particular, Johnson's verified complaint vividly described how the deputies, quote, pushed their flashlight inside his anus, rectum, and making sexual remarks. It also talked about how he felt a hard-for-an-object flashlight going inside his rectum anal area. And it also talked about how he asked the deputies why they were sticking their flashlight inside him. And he even alleged that Deputy Carter stated that, you must like this, someone sticking something up in you. And these statements are all from ER 345 to 47. And the court never really made any effort to reconcile the statements attributed to Deputy Carter with his readings, and none is possible. As for the others, it simply dismissed it as ambiguous about what part of his body he was referring to. But even—we would take the view that the best reading of the evidence, and one that a jury would find if they had a chance, was that he was sodomized with a flashlight. But even if you think that's too far, at least a reasonable juror could find this reading. And so, you know, even if you think that, okay, you know, you're not sure about the district court's reading, you don't have to find that the district court's reading wasn't possible, but the district court went too far in finding that that was the only reading. And at this posture in summary judgment, since it was, you know, Johnson's view of the evidence was supported, the district court should have resolved any of those ambiguities in his favor and given the fact-finder, in this case a jury, an opportunity to decide. Could you speak to the other claim about the push against the wall as well, please? I wondered if there was some confusion about the timeline, and if you could speak to, like, whether he was handcuffed before the alleged push, or exactly what his allegations are in that regard. So my understanding is that at the time that he was pushed, he was also handcuffed, and that all four officers pushed him into a wall with enough force to chip his tooth and to give him a cut on his lip, and that after he was pushed into a wall, another official commented that he just deserved the beating he got because he had, in the words of that official, a big mouth. But I think after that, he was, the restraints were taken off at some point and put on again, and I think when the restraints were put on again, they were put on incredibly tight, and that's what arose to the additional injuries that Johnson talked about, about sort of the loss of circulation in his wrists and the deep cuts. Is there video of his wrists from that later time? So there's not video of the, this chirp-chirp part, but there is video of him being held after that, and the video is not, like, it's not a close-up of his wrists, but there is video where, for about, I think, eight hours or so, although it's, again, not a close-up of his wrists, where you can see clearly, one way or another, whether there were cuts. If we thought that the video undermined the claim about cutting the wrists, would that make a difference to your claims? So it would make a difference at least to, you know, the part of the claim that's about the handcuffs, although I think that the claim would still stand that he was pushed into the wall and that that was hard enough to cause separate injuries, and I think that would be a good explanation for physical assault, because, you know, given that Mr. Johnson was restrained at the moment that he was pushed into the wall, didn't pose a threat to the officers, and was trying to comply with their instructions, the need for force was really low, and this court has found in cases like Willie that from those facts, the jury could infer that any use of force wasn't necessary. And the other problem of this test, besides the excessive and unnecessary use of force, is that it has to be malicious and sadistic, and we think that we can meet that, among other things, because one official, according to Johnson's evidence, actually said that he deserved the beating as retribution for having a, quote, big mouth. And the final prong of that is just that he's injured, and that evidence includes the verified allegations that he had a cut on his lip that took weeks to heal, and a chipped tooth, and there's also some support in the medical records, at least for the part about a cut lip. And, you know, on sort of the merits of the Eighth Amendment claim, my friend on the other side doesn't really dispute the case, although he said the one case that they distinguish is Wood, which is a case from 2012 that said pretty strongly that sexual abuse of prisoners is always an independent violation. And the only basis for distinguishing that case is on the grounds that the parties in that case were in a romantic relationship, whereas Johnson and the prison officials here didn't have such a thing. And that's, we don't think that's really a basis to distinguish this case because, well, first, Wood said pretty strongly that any abuse of a prison official serves, sorry, any abuse by a prison official of an inmate serves no legitimate theological purpose. Nothing about the case turned on a romantic relationship, and even if you weren't sure about that, Schwenk, which was decided in 2000, was a case that was not about a romantic relationship, so that argument's already foreclosed anyway. And, in addition, the court below mistakenly thought that because Johnson did not have any physical evidence of injuries to his rectum that he couldn't state a violation of the Eighth and Fourth Amendment, but that argument is actually squarely foreclosed by this court's ruling in Wood and Schwenk, which both say that an inmate in Johnson's position doesn't need medical documentation of that type of injury to survive a summary judgment. Did you want to reserve some time for rebuttal? Yes, please. Great. Let's hear from your opposing counsel then. Good afternoon, Your Honors. May it please the court, release her for the appellees. In this case, the evidence reflects that Mr. Johnson provided several different versions of how he was searched by prison officials. Mr. Johnson is now asking the court to completely ignore all of the evidence in the record that shows the prison officials were conducting a legitimate search for drugs inside his rectum. Counsel, first, do you agree that if there is a disputed issue of fact as to whether prison officials intentionally penetrated his anus and touched his rectum with a flashlight, do you agree that that goes to trial on the Eighth Amendment issue? Your Honor, the disputed issues of fact here... No, no. I want you to answer my question, which is, do you agree that if there is a disputed issue of fact as to whether the officers intentionally penetrated his rectum, intentionally penetrated his anus with a flashlight and touched his rectum, that that entitles him to an Eighth Amendment trial? Yes, that would if that was the evidence in the record. All right, so I'm looking at Mr. John's declaration. I witnessed two deputies touch inmate Johnson, thereby pushing their flashlights into inmate Johnson's rectum. I'm looking at the other declaration of Mr. Bolton. During the strip search, when I saw the deputies pushing their flashlights into inmate Johnson's rectum area, I could see Deputy Hills smiling. And even if we ignore the verified complaint and look at his deposition testimony, yeah, at ER 18, yeah, they pushed it up against me, my buttocks, cheeks, and like they poke it in there to push it back to see if there was anything. So how does that not at the very least establish a disputed issue of fact on the point where you just agreed if there was one, he gets to go to the jury on the Eighth Amendment? Well, Your Honor, the facts provided or the evidence was provided by Mr. Johnson himself. The deposition testimony, the medical records, the videos do not reflect the same material facts. There is evidence submitted by Mr. Johnson that he was only touched by the flashlight that was contained in his deposition transcript. It's also contained in Mr. Johnson's inmate complaint that he was only touched by a flashlight during the search. And that's in the excerpts of Record 368. There is further evidence that Mr. Johnson is only alleging that you point to anywhere where it's very clear that it's only because I read the statements that I think you're referring to. And sometimes he says I was touched, but that doesn't mean he was only touched. Yes, Your Honor. In the excerpts of Record 110, Mr. Johnson, there is a mental health clinical documentation in which Mr. Johnson is quoted as stating, quote, I got upset yesterday during this search and one officer touched me with the flashlight. Unquote. I didn't hear only in that. Is there anywhere else that you can point to? There is further evidence submitted by Mr. Johnson in excerpts of Record 368, where he submitted an inmate complaint and he said one of the quote, one of the deputies intentionally touched my buttock rectum area with his flashlight. Unquote. Okay. I didn't hear only only there either or any equivalent to only. Your Honor, I would also like to point out that there were no injuries provided by Mr. Johnson's medical records regarding the alleged pushing and probing of a flashlight inside his rectum, causing injury. And how is that even relevant on summary judgment? I don't even understand that argument. Putting aside the fact that a physical injury is not necessary for an Eighth Amendment violation involving sexual abuse, that could well be something you could argue to a jury. But when we're required to look at the facts in the light, most favorable to the non-moving party, including all inferences in their favor. How could the alleged lack of injury even bear on the summary judgment calculus? Your Honor, that the mere existence that there is a scintilla of evidence in support of the non-moving position would be insufficient. There must be evidence on which the jury confined by a preponderance of the evidence that the non-moving is entitled to a verdict. In this case, the court took all of the evidence and was able to show which was able to show that Mr. Johnson was only touched on his rectum during a legitimate search for drugs. Well, counsel, I'm sorry to interrupt you, but what about those two declarations? I mean, those two declarations are pretty definitive, as I think my colleague pointed out. And I don't think that's de minimis. Your Honor, the two declarations, they were also ambiguous as to the nature of the search. Well, OK. I thought that they alluded to, didn't allude to, specifically said that the flashlight was placed in his rectum. I don't know how that's ambiguous. Your Honor, Mr. Johnson keeps going back and forth from touching and... I'm talking about the affidavits. They're appropriate summary judgment evidence. Yes, Your Honor. Well, I would want to point out that according to the Van Asdale v. International Game Technology, the general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his deposition testimony. Isn't that right? Please. Isn't that a reference to his own affidavit? Yes, it is a reference to his own affidavit, but there are conflicting versions of events by Mr. Johnson himself here. So if you read the deposition testimony as it was, Mr. Johnson only stated that he was touched by a flashlight in aid of a legitimate search. That's the evidence that he provided by his own statements. And then the complaint is a completely different version of what occurred. And the Ninth Circuit held that you cannot create an issue of fact by contradicting the deposition testimony. That case, though, is about a declaration written after a deposition. And here we have a verified complaint before a deposition. And the deposition, in my view, is ambiguous. So do you have any case that's more like this situation to point us to? I don't have any cases to regarding that issue. But if I may have one moment. In that case, the Van Alesdale court said that if a party who has been examined at length on a deposition can raise an issue of fact simply by submitting an affidavit contradicting his testimony, that would greatly diminish the utility of a summary judgment as a procedure for screening out sham issues of fact. And so I just like to direct the court back to the deposition testimony, as well as other evidence. Can you point to anywhere in the deposition testimony where it's very clear that he's saying he is only touched? Well, during the deposition testimony, Mr. Johnson was questioned several times about how the search occurred. Point out the portions of the deposition transcript in excerpts of record 106. There's a description of the search. And it said, so back to the search. The question was, so what happened when they continue to ask you to squat and cough because they didn't think that you were really coughing? What happened? And then just skipping. I'm sorry, I'm just going to skip down to excerpts of record 107. The question was, and then what happened? The answer was, and that's when I felt they feel that I didn't do the things they told me to do while I was holding my anus open. He put the flashlight, touched my buttock, like to pull it back, like just to probe it to see if there was anything in my butt. And no one ever said, is that the only thing that happened? No, but he, Mr. Johnson was invited multiple times to explain exactly what occurred and never. Well, can't cancel to me. Probe means insert. But then you are 18. Yeah, they probed it up against me, my buttocks, cheeks and like like poke it in there to push it back to see if there was anything. When he said poke it in there. What can there mean other than his rectum anal area, especially if we're going to give him the benefit of the doubt as the non moving party? What do you what is what is your view of poke it in there means it could also mean to use the flashlight to try to see more clearly inside the rectum by touching and pushing aside inside the room. OK, counsel, thank you for your argument. You're out of time. We have about a minute for rebuttal, I believe. Your Honor. Thank you, Your Honor. So as Judge Bennett pointed out, the two declarations from the witnesses are enough on their own to support Mr. Johnson's claims. Those declarations were never once mentioned or challenged on any basis by my friend from the other side. She has forfeited any challenge to them. But past that, I think Mr. Johnson's deposition and verified complaint also support his allegations. So as you pointed out, Judge Friedland, I don't think that the Van Elsdale case applies, because in this case, the deposition came after his verified complaint. And if you think about what's motivating Van Elsdale is you don't want to sandbag an attorney. And my love and the witness put in a declaration after they've gone through the trouble of deposition that controversy. But here, counsel to the other side had an opportunity to ask questions at a deposition and to clarify the record. And to the extent that there was any ambiguity in that, the person that should sort of bear the loss of the risk on that is, in this case, the movement. And so for that reason, we don't think that case applies. And as you pointed out, at no point did Mr. Johnson ever say that he was only touched outside of his buttocks and he never disavowed his claims. And for that reason, we ask you to please reverse the Grinnell Center judgment below. Thank you. Thank you, both sides, for the very helpful arguments. And I believe that you took this case pro bono. So thank you very much for doing that. It's quite helpful to our court when people are willing to take on cases like this in a pro bono capacity. We really appreciate your assistance. And the case is now submitted. Thank you both. Thank you.
judges: Friedland, Ezra, Bennett